## SOMERSWORTH SAVINGS BANK *v.* ROBERTS.

Every conveyance of lands, made for the purpose of securing the payment of money, or the performance of any other thing in the condition thereof stated, is a mortgage.

If the thing to be performed be so defectively stated in the condition of a conveyance of lands, intended as a mortgage, as that the condition is void from uncertainty, the conveyance is at law absolute ; at least, between the parties and their privies.

A deed, containing a condition that if the grantor shall pay to the grantee, or his assigns, the grantor's promissory note of even date therewith, payable to the grantee or order, in six months, with interest semi-annually, the same shall be void, is not invalid; nor is it absolute, under the provisions of section 2, of chapter 131 of the Revised Statutes. But it is a valid mortgage, although the amount of the note is not specified in the condition,—it having been made and delivered to the grantee at the same time with, and intended to secure the payment of the grantor's note for the amount of its consideration, executed as part of the transaction between the parties, expressly referred to and correctly described in the condition in all particulars except its amount.

WRIT OF ENTRY on mortgage, to recover possession of certain real estate in Rochester, in this county, for condition broken and for the purpose of foreclosing the right in equity to redeem the same.

The action is founded on a deed of mortgage from one Elijah Roberts, now deceased, to the plaintiffs, dated January 12, 1846; acknowledged and recorded the same day. The consideration stated in the deed was six hundred dollars, and the condition as follows : "Nevertheless it is to be considered, and the condition of the foregoing deed is such, that the said Roberts, his heirs, executors and administrators, shall well and truly pay unto the said savings bank and their assigns, a certain promissory note, bearing even date with these presents, signed by said Roberts, payable to said savings bank, or order, in six months, with interest semi-annually, then the foregoing deed is to be void and of no effect; otherwise to remain in full force and virtue."

At the time of the execution of said deed, said Elijah Roberts made and signed his promissory note of the following tenor :

"For value received I promise to pay the Somersworth Savings Bank, or order, six hundred dollars, in six months; interest after.

ELIJAH ROBERTS.

*January* 12, 1846."

This note, intended to be secured by the said mortgage, together with the mortgage, the said Elijah Roberts delivered to the plaintiffs ; and the plaintiffs thereupon loaned to him the sum specified in said note, less the interest for six months. The interest on said note was paid semiannually by said Roberts, to January 1, 1856. No interest has been paid since that time, said Roberts having deceased. The estate of said Roberts has been decreed to be administered as an insolvent estate. The defendant is his wife, who is in possession of the demanded premises. The premises were the homestead of the mortgagor at the time of his decease.

It was agreed by the parties that the court should order such judgment in the case at the law would warrant upon the foregoing statement of facts.

*Woodman & Doe,* for the tenant.

*Wells* and *Eastman,* for the demandants.

Fowler, J. By the first section of chapter 131 of the Revised Statutes, it is enacted that " every conveyance of lands, made for the purpose of securing the payment of money, or the performance of any other thing in the condition thereof stated," shall be considered a mortgage. By the second section of the same chapter it is provided, that " no conveyance in writing, of any lands, shall be defeated, nor any estate encumbered, by any agreement, unless it is inserted in the condition of the conveyance, and made part thereof, stating the sum of money to be secured, or other thing to be performed." Comp. Laws 290, secs. 1, 2.

The deed in the present case being executed with all the formalities required by the provisions of the 130th chapter of the Revised Statutes, it seems quite apparent that, as between the parties and their privies at least, it

must be regarded either as an absolute conveyance in fee, or as a mortgage. It is a conveyance in writing, of lands, and although clearly intended by the parties to be a mortgage, yet if there were such a failure to insert their agreement in the condition thereof, stating the sum of money to be secured, or other thing to be performed, as to deprive it of the character designed to be given it as a mortgage, rendering the condition void for uncertainty, the statute, as heretofore interpreted by the Superior Court, is explicit, that it shall not be defeated, nor the estate created by it in the grantees encumbered, but it shall operate as an absolute conveyance between the parties. *Bassett* v. *Bassett*, 10 N. H. 64; *Boody* v. *Davis*, 20 N. H. 140.

The counsel for the tenant contend, it is true, that although made for the purpose of securing the performance of the contract, entered into by Elijah Roberts with the demandants, on the day of its date, to pay them the six hundred dollar note set forth in the case, with semi-annual interest thereon, and this contract was attempted to be specifically stated in the condition, it was so imperfectly stated by reason of an omission to name the amount of the note undertaken to be described, that not only is the condition entirely nugatory and inoperative, but the deed itself wholly null and absolutely void. We are unable to perceive any good foundation for this position, or upon what principle, as between the parties to the deed and their privies, it can be maintained. Upon this point the reasoning of the court in *Bassett* v. *Bassett*, before cited, seems entirely conclusive, and the decision of this case might well be placed on the doctrine so fully discussed in that. The second section of the 131st chapter of the Revised Statutes is clearly but a reënactment, in almost precisely the same language, of those provisions of the act of July 3, 1829, to which a construction was given in *Bassett* v. *Bassett*, N. H. Laws, (Ed. 1830) 488. It is quite impossible to make any distinction between the facts of

the present case, and those of *Bassett* v. *Bassett*, so far as the application of the statute, in the one case and the other, is concerned.

The mortgage under consideration manifestly undertakes to recite, in its condition, the agreement of the parties, which was to encumber the estate conveyed by it to the grantees—to defeat the operation of the deed as an absolute conveyance in fee; and to state the " thing to be performed" for that purpose and with that effect, the contract between the parties, upon the performance of which, by the grantor, the conveyance was to be defeated, and the title to the lands conveyed revest in the grantor. In doing this, it first states the date of the note agreed to be paid the grantees by him; to whom and where, by its terms, it was payable ; but omits to state its amount. It then sets forth the agreement as to the payment of interest upon the note, not embraced in the phraseology of the note itself, but shown by the case to have been entered into at the time, and to have been subsequently fulfilled by the grantor as long as he lived, and provides for the nullity of the deed, upon the fulfilment of this contract by the grantor.

Now, upon well settled general principles, the note, having been executed and delivered at the same time with the deed, and being expressly referred to and partially described in the condition—the execution and delivery of the deed and note constituting in fact but one transaction—might well be held, by force of the reference alone, to have become a part of the condition as fully as if more particularly set forth therein. *Bassett* v. *Bassett*, 10 N. H. 70 ; *Boody* v. *Davis*, 20 N. H. 140.

But without resorting to that construction, it seems quite clear, on the authority of numerous adjudged cases in our own State, that the condition of this mortgage may properly be held valid. The utmost that can be said of the imperfection of the condition is, that in undertaking

to recite the substance of the contract between the parties, it neglects to state the amount of the note to be paid ; and that it is uncertain, from its language, whether the note was by its terms payable with interest semi-annually, or the mortgagor agreed to pay the interest upon it once in six months. When, however, the note is produced, written payable in six months with interest after, is admitted to have been the note intended to be secured by the mortgage, to have been executed at the same time, and delivered with it to the demandants at the date of both, upon the loan by the demandants to the maker of both mortgage and note, of the sum of six hundred dollars, less the interest in advance for the six months after the lapse of which the note by its terms became due, and it is found that the mortgagor actually paid the interest upon the note semi-annually, in advance, during his life-time, it is at once apparent that the design of this part of the condition must have been to describe, not the terms of the note, but the " thing to be performed" in relation to it ; the agreement of the mortgagor to pay semi-annually in advance the interest of the note, previously correctly described as payable to the demandants, or order, in six months from its date. There is, then, simply an omission, in the recital of the terms of an agreement between the parties, upon the performance of which the mortgage was to be void, to state the amount of a note of the same date, particularly referred to and otherwise correctly described ; while the case finds, in substance and effect, that the agreement to pay this note, with semi-annual interest thereon, was intended to be secured by and set forth in the condition of the mortgage.

When a note, obligation or agreement is offered in evidence, in connection with a mortgage intended to secure it, it is not necessary that all the particulars of it should be correctly specified in the condition, in order to identify it as the note, obligation or agreement intended to be and

actually secured by the mortgage. A general accordance with the description is sufficient, and parol evidence may be introduced to identify it. In the present case, it might have been left to the jury to find, upon parol evidence, what the agreed case expressly admits, that the agreement to pay the note set forth, with semi-annual interest thereon, was *bonâ fide* intended to be, and, in the purpose of the mortgagor actually was, secured by the mortgage; and in the absence of any suggestion of fraud, such finding must have been conclusive as to the validity and sufficiency of the mortgage and its condition. *Melvin* v. *Fellows*, 33 N. H. 308; *Colby* v. *Everett*, 10 N. H. 429; *North* v. *Crowell*, 11 N. H. 251; *Robertson* v. *Stark*, 15 N. H. 109; *Webb* v. *Stone*, 24 N. H. (4 Fost.) 287; *Johns* v. *Church*, 12 Pick. 557; *Hall* v. *Tafts*, 18 Pick. 460; *Trowbridge* v. *Cushman*, 24 Pick. 314.

Entertaining these views, we can discover no reason why the condition of the mortgage under consideration should be regarded as void, so as to defeat the manifest intention of the parties, by converting what was intended as a mortgage into an absolute conveyance in fee, under the operation of the statute as interpreted in *Bassett* v. *Bassett*; much less, why the deed itself should be regarded, through the accidental omission in its condition, as absolutely null and void between the parties and their privies.

We are, therefore, of opinion that, upon the facts of the agreed case, the demandants are entitled to a conditional judgment for the demanded premises, as upon their mortgage.

*Conditional judgment for the demandants.*